[No. 270-40411-1.   Division One.   March 9, 1970.]
Panel 1

JAMES W. LEE et al., *Appellants*, v. JAMES W. TICEHURST
et al., *Respondents*.

R. *Wayne Cyphers,* for appellants.

Edgar R. *Rombauer,* for respondents.

PER CURIAM.—James Ticehurst and his wife owned the Cascade Golf Course near North Bend in King County, Washington. James Lee and his wife owned a "driving range" adjacent to the golf course. In January, 1965, the Lees employed Fall City Realty to find a purchaser for the "driving range."

Fall City approached the Ticehursts as likely purchasers. On July 2, 1965, an earnest money agreement was entered into between the parties. At the request of the Ticehursts, a clause "Property must be insurable" was inserted. The Ticehursts executed a promissory note for $1,500 and a check for $1,000 which they delivered to Fall City Realty. Ticehurst thereafter asked Roy W. Kellogg, owner of an insurance agency, to examine the property and determine whether he could obtain fire and liability insurance.

In a letter of July 12, 1965, giving specific reasons, Mr. Kellogg stated that the property was not insurable. In-

adequate plumbing and wiring and a fence too low to stop golf balls from leaving the range were among the reasons cited. Upon receipt of the letter, Ticehurst stopped payment on the check and notified the Lees through Fall City Realty that he was not going through with the purchase. Action was brought by the Lees and Fall City Realty as plaintiffs against Ticehurst. From a judgment for the defendants, the plaintiffs Lee have appealed. The sole question is the meaning and effect of the clause "Property must be insurable."

Mr. Sorensen, agent for Fall City Realty, testified in answer to a question from his attorney:

[I] [t]old them that in order for the deal to be consummated that the Ticehursts had requested primarily for liability reasons, had requested that the property had to be insurable and this was the basis on which they made the offer.

In reply to argument of counsel, the trial court stated:

it is true that the Court construed the provision, premises shall be made insurable. I had to do that because I think it was ambiguous and I construed it as I indicated.

Finding of fact 4 states as follows:

The court interprets the clause "Property must be insurable," as an escape clause for the defendants. The plaintiffs had the obligation to demonstrate to the defendants that the property was in fact insurable. The clause was a condition precedent to the consumation of the sale for the driving range. The plaintiffs have not performed all of the covenants of the Earnest Money Agreement as alleged in their complaint.

There was fire and general coverage consistently in force on the property. Liability coverage was in force but canceled prior to the date of the earnest money agreement. Howard Broad, the insurance agent who handled the insurance for the driving range, testified that in his opinion the property was at all times insurable. He testified that he had not examined the property for insurance purposes since it was first insured on or around March 25, 1963, but he had seen the range "a half a dozen times in the first six months

of 1965." No effort was made to insure the property in July of 1965.

Exhibit 7, a policy of liability coverage on the premises from July 14, 1967 to July 14, 1968, exhibit 8, a policy of fire, lightning and extended coverage on the Lee's frame dwelling unit from July 21, 1967 to July 21, 1970, and exhibit 10, evidencing liability coverage from October 22, 1965 to October 22, 1966, were offered and refused by the trial court. The trial court also limited testimony on exhibit 10.

■ The trial court, in refusing the offered exhibits, concluded that they were not probative of the point in issue; whether the premises were insurable in July of 1965. That question was for the trial court. We will not reverse unless we find an abuse of discretion. See *Chase v. Beard,* 55 Wn.2d 58, 346 P.2d 315 (1959).

Evidence that the premises were not insurable for liability purposes in July of 1965, was introduced. No evidence was introduced to refute this nor was any investigation made of the premises by any other insurance agent to determine its insurability during the period in question.

■■ We do not agree that the seller was obligated to make the driving range insurable but insurability of the driving range was a prerequisite to contract rights and obligations. Language in a contract will be given its ordinary meaning unless a sufficient reason exists to apply another meaning. See *Patterson v. Bixby,* 58 Wn.2d 454, 364 P.2d 10 (1961). If the property was in fact insurable at the time the earnest money agreement was signed, the defendant breached the agreement by not proceeding with the transaction. No future event, the occurrence of which would create an obligation to perform, was anticipated by the parties to the contract. See *Partlow v. Mathews,* 43 Wn.2d 398, 261 P.2d 394 (1953). Either party who would enforce the earnest money agreement need only establish that the property was insurable at the time of the execution of the agreement. The plaintiff failed to sustain that burden. All of the evidence, given its strongest inference, is

not sufficient to establish the the property was insurable on the effective date of the earnest money agreement. There was a failure of proof.

The judgment of the trial court is affirmed.